UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LORRAINE BOND**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 21-cv-1430 (TSC) |
| **OFFICE OF ATTORNEY GENERAL OF THE UNITED STATES**, *et al*., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

On May 25, 2021, *pro se* Plaintiff Lorraine Bond filed what appears to be a

Complaint regarding the 1985 bombing of Osage Avenue in Philadelphia.  ECF No. 1,

Compl.  She asks the Court to award compensatory and punitive damages against

Defendants, who include the United States Attorney General, E & I Dupont, as well as

Pennsylvania and Philadelphia public officials.  *Id*. at ECF pp. 1, 8, 13-14.  She also asks

the court to order Defendants to reconstruct all the homes damaged in that bombing,

although there is no indication that she owned any of the residences affected.  *See id*. at

ECF p. 14.

On October 30, 2021, the court ordered Plaintiff to show cause why this action

should not be dismissed for failing to effectuate service of process, as it appeared she had

yet to request summonses.  10/30/21 Amend. Min. Order (citing Fed. R. Civ. P. 4(m);

Local Civil Rule 83.23).  The court also directed Plaintiff to show cause why this action

Page 1 of 3

should not be dismissed for improper venue.  *Id*. (citing 28 U.S.C. §1392; 28 U.S.C. §1406).

Plaintiff filed a response in which she claimed only that "Pro se has shown the burden of proof with the proper venue on record" and "Pro so is a layman of the law and can't be held to the strict standard as a license [sic] attorney."  ECF No. 5, Response to Show Cause Order ¶¶ 2–3.

"The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers."  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of D.C.*, 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner*, 404 U.S. 519 (1972)).  However, this standard "does not constitute a license for a plaintiff filing *pro se* to ignore" the requirements of the law.  *See Jarrell*, 656 F. Supp. at 239.

Plaintiff's response is insufficient, as she has not established that she effectuated service of process.  *See* Fed. R. Civ. P. 4(m).  Indeed, the record indicates that she never requested summonses.  Likewise, is not clear that venue is proper in this District.  *See* 8 U.S.C. § 1391.

Although Plaintiff also filed several "Notices," ECF Nos. 3–4, 6, 7, none of them address the deficiencies the court noted in its show cause order.  Accordingly, this court will dismiss this action for lack of prosecution.  *See* Local Civil Rule 83.23.

In so doing, this court notes that is unlikely this court has personal jurisdiction over some of the Defendants, and it appears that some of the issues Plaintiff raises in her Complaint have been previously adjudicated, as her pleadings mention prior litigation

involving the same subject matter as involved here.  *See* ECF No. 3; Compl at ECF pp. 6–

7.


Date:  September 22, 2022


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge